UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, A/K/A RALEEM-X,
ALYCIA WILEY, TIERRA THOMAS,
AND DIONDRE THOMAS,                                  Case No. 2:15-cv-13620
                                                     Hon. Victoria A. Roberts
                        Plaintiffs,

        v.


PCS DAILY DIAL PHONE COMPANY,

                        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO WAIVE ALL FEES AND COSTS
[Dkt. 2] AND DISMISSING COMPLAINT [Dkt. 1]**

        This matter is before the Court on the plaintiffs' pro se civil rights complaint filed pursuant

to 42 U.S.C. § 1983, and the Michigan Consumer Protection Act. MICH. COMP. LAWS. §445.903.

Plaintiff Curtis Fuller, Michigan Department of Corrections Inmate No. 211080, who is proceeding

under his alias Raleem-X, is confined at the Marquette Branch Prison in Marquette, Michigan.

Plaintiff Diondre Thomas is also a state inmate, and he is confined at the St. Louis Correctional

Facility, in St. Louis, Michigan. The other two plaintiffs, Alycia Wiley and Tierra Thomas, are

citizens living in Detroit and Inkster, Michigan, respectively. The complaint claims that defendant,

PCS Daily Dial Phone Company, is wrongfully interfering with the plaintiffs' ability to make phone

calls to each other. Plaintiffs seek a total of $1,200,000 in damages.

        None of the Plaintiffs have filed an application for leave to proceed in forma pauperis in

accordance with the requirements of 28 U.S.C. §1915(a). Instead, they have filed a motion to waive

fees and costs, asserting they are "sovereign citizens," and that under the Uniform Commercial Code

1

and other inapplicable statutes, they are not required to pay any fees for this action.

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). The plaintiffs failed to provide the $350.00 filing fee when they filed their complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). See also *In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Here, plaintiffs have failed to comply in any way with § 1914(a) or § 1915(b).

Moreover, a prisoner is prevented from proceeding in forma pauperis in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for

2

which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236(11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff Curtis Fuller, the lead plaintiff and the person who apparently drafted and filed the complaint, has filed at least three prior civil rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See *Fuller v. Gamelin*, 2013 U.S. Dist. LEXIS 105525 (W.D. Mich. July 29, 2013) (listing three prior strikes, and summarily dismissing complaint under the "three strike" rule).

As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999).  In this case, plaintiff Curtis Fuller has committed what amounts to a fraud upon this Court by filing this action without revealing that other federal judges have previously precluded him from proceeding in forma pauperis pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 Fed. Appx. 395, 396 (7th Cir. 2006)*; See also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* No. 2009 WL 367859, * 2(E.D. Mich. February 12, 2009); *Demos v. U.S.,* No. 2008 WL 4387327, * 2-3 (E.D. Mich. September 24, 2008); *State Treasurer v. Garrison*, No. 2008 WL 2831241, * 2 (E.D.Mich. July 21, 2008).

Moreover, plaintiff Curtis Fuller has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to

the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff Curtis Fuller's complaint is therefore subject to dismissal pursuant to § 1915(g).

The other plaintiffs have not paid the $ 350.00 filing fee nor have they submitted any documentation in support of a proper request to proceed in forma pauperis. All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir.1997). Because the three other plaintiffs have neither paid the $ 350.00 filing fee nor filed any documents in support of a request to proceed in forma pauperis*,* their request to proceed without paying fees is denied.

The entire complaint is subject to dismissal for a second reason. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P. 20(a)(1), in fact, indicates: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), however, there are significant practical problems with allowing several prisoners to file a joint complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which

militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(Borman, J.)(citing *Boretsky v. Corzine*, 2008 U.S. Dist. LEXIS 48003, 2008 WL 2512916, * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at * 5). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, 2008 U.S. Dist. LEXIS 18378, 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id*. An additional problem with multi-plaintiff litigation in the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id*. (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, [WL] at *5); See also *White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D.Tenn. May 3, 2007)("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").

The Court notes that some of these concerns have already manifested themselves. The complaint in this case only bears the purported signatures of three of the named plaintiffs. Tierra Thomas has not signed he complaint. Moreover, because the lead plaintiff, Curtis Fuller, has already committed what amounts to one fraud upon the Court by failing to divulge the fact that he is a three-striker, the Court questions whether the complaint was filed with any of the other three named

plaintiffs' consent.

Therefore, with respect to plaintiff Curtis Fuller, the complaint is summarily dismissed under 28 U.S.C. § 1915(g). With respect to the remaining three plaintiffs, in light of the concerns discussed above, the Court believes that the best course of action is to dismiss the complaint without prejudice to those individual plaintiffs filing complaints on their own behalf.

### III.  ORDER

**IT IS ORDERED** that:

1)  The complaint as to Curtis Fuller is **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(g).

2)  The complaint as to the other three named plaintiffs, is **DISMISSED WITHOUT PREJUDICE**.

3)  The motion to waive all fees and costs is **DENIED**.

4)  An appeal taken by Plaintiffs would not be done in good faith. *See* 28 U.S.C.§ 1915(a)(3).


S/Victoria A. Roberts
Hon. Victoria A. Roberts
Dated: 10/23/2015                 United States District Judge

6